IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-2593-DME-MEH

JM (MARIA J) FAY,

       Plaintiff,

v.

HUNTER'S RUN CONDOMINIUM ASSOC., PREMIER PROPERTY MGT., KIM MAGUIRE, U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, and COLORADO CIVIL RIGHTS DIVISION,

       Defendants.

## ORDER OF DISMISSAL

This matter comes before the court on the magistrate judge's report and recommendation to dismiss Plaintiff Fay's action for failure to prosecute. Upon consideration of that report, Fay's objections, and a response filed by Defendants Hunter's Run Condominium Association, Premier Property Management, and Kim Maguire, the court dismisses Fay's case and this action without prejudice.

This court has authority to impose such a sanction pursuant to Fed. R. Civ. P. 16(f), 37(b)(2), and 41(b). See The Proctor & Gamble Co. v. Haugan, 427 F.3d 727, 737 (10th Cir. 2005) (addressing Rule 37(b)(2)); Conkle v. Potter, 352 F.3d 1333, 1337 (10th Cir. 2003) (addressing Rule 41(b)). In determining the appropriate sanction that is warranted in a given case for a

litigant's failure to prosecute, this court considers five non-exclusive factors: "(1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." Haugan, 427 F.3d at 738 (quotations, alterations omitted); see also Conkle, 352 F.3d at 1337.  In this case, these factors support dismissing Fay's action without prejudice.

Fay failed to participate in the preparation of the proposed scheduling order, as required by Fed. R. Civ. P. 26(f), and she failed to appear at the scheduling conference, as required by Fed. R. Civ. P. 16.  Although Fay is proceeding pro se, she must still "follow the same rules of procedure that govern other litigants." Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005) (quotation omitted).  Defendants were prejudiced to some degree by incurring the time and expense of preparing a proposed scheduling order without Fay's cooperation and then appearing at the scheduling conference at which Fay failed to appear.  Further, Fay's conduct disrupted the judicial process.  Nevertheless, because this litigation is in its early stages, that disruption to the judicial process was not great; nor does it appear that Defendants' ability to defend against Fay's claims has been substantially diminished.

Fay's culpability for her conduct does warrant some sanction, however.  At the time she filed her complaint, in December 2006, Fay requested a

six-week delay in the proceedings because her work schedule required her to leave the state for that time period.  The magistrate judge, in setting the original date for the scheduling conference, accommodated that request.  Both the magistrate judge's order setting the date for that conference, and the order rescheduling the conference to a later date at the request of one of the Defendants, informed Fay that if those scheduled dates did not fit within her schedule, she could contact Defendants' counsel and the magistrate judge to reschedule the scheduling conference.  Those orders were sent to the post office address which Fay provided to the court.  Yet she never made any effort to contact either Defendants' counsel or the magistrate judge in any effort to reschedule.  Instead, Fay simply failed to appear at the scheduling conference.

Furthermore, Defendants' counsel, in preparation for the scheduling conference, attempted to contact Fay by letter and telephone in an effort to confer with her about preparing a proposed scheduling order, as Rule 26(f) requires.  Yet Fay did not respond or otherwise contact Defendants' counsel to participate in preparing the proposed scheduling order.  Fay acknowledges that, during this same time period, she was in Denver and actually appeared in several proceedings she has pending in other courts.

Moreover, after Fay failed to appear at the scheduling conference, the magistrate judge issued to her an order to show cause why the court "should not dismiss this case for failure to prosecute and/or require [Fay] to pay Defendants' costs and reasonable attorney's fees connected with the Scheduling Conference for [Fay's] failure to appear in Court, failure to comply with this Court's Orders,

and failure to cooperate with opposing counsel in the discovery process." Fay never responded. That show cause order clearly notified Fay that dismissal of her action was a possibility.

These circumstances justify the imposition of a significant sanction. Nevertheless, because Fay's inaction has not greatly prejudiced Defendants, the severest sanction of dismissing her action <u>with</u> prejudice is not warranted. For these same reasons, the court chooses not to require Fay to pay Defendants' attorneys fees and costs expended to prepare the proposed scheduling order without Fay's participation and to attend the scheduling conference at which Fay failed to appear. Instead, this court concludes that dismissing Fay's case and action, <u>without</u> prejudice to refiling, is a sufficient and just sanction under these circumstances. <u>See</u> <u>Petty v. Manpower, Inc.</u>, 591 F.2d 615, 617-18 (10th Cir. 1979) (per curiam) (holding district court did not abuse its discretion in dismissing action without prejudice where pro se plaintiff failed to attend scheduled hearing).

Therefore, this court orders this case and action dismissed without prejudice.

Dated: June 25, 2007

                                                BY THE COURT:

                                                *s/ David M. Ebel*

                                                _____
                                                DAVID M. EBEL
                                                UNITED STATES CIRCUIT JUDGE